ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                                )
                                            )
GSC Construction, Inc.                      )        ASBCA No. 59046
                                            )
Under Contract No. W9126G-11-D-0061         )

APPEARANCE FOR THE APPELLANT:               James S. DelSordo, Esq.
                                              Argus Legal, LLC
                                              Manassas, VA

APPEARANCES FOR THE GOVERNMENT:             Thomas H. Gourlay, Jr., Esq.
                                              Engineer Chief Trial Attorney
                                            Ronald J. Goodeyon, Esq.
                                            Jason R. Chester, Esq.
                                              Engineer Trial Attorneys
                                              U.S. Army Engineer District, Tulsa

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON APPELLANT'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

### INTRODUCTION

Appellant moves for leave to file a second amended complaint,[1] to add two distinct claims to this appeal. The government opposes the motion. The motion is denied.

### STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 15 September 2011, the Department of the Army (government) awarded appellant, GSC Construction, Inc. (GSC), Task Order 0001 pursuant to Contract No. W9126G-11-D-0061, an indefinite delivery, indefinite quantity contract (R4, tab 4(p) at 3377).

2. The task order provides that GSC would "[c]omplete the Design and Construction of the Central Issue Facility" (a warehouse) at Fort Sill, Oklahoma (R4, tab 4(p) at 3374, 3380, 3383).

3. On 14 March 2013, GSC presented to the contracting officer a certified claim for $826,355 for five categories of utility work that GSC categorized as "Natural Gas, Water Mains, Sanitary Sewer, Electrical, and Communications" (utility work claim)

---

[1] With its first amended complaint, appellant replaced its original complaint, which set forth allegations unrelated to this appeal.

(R4, tab 2 at 1, 6). GSC explicitly requested a contracting officer's final decision (*id.*). In the 14 March 2013 claim, GSC made assertions regarding work on water lines, a sanitary sewer main, "primary underground electrical and the pad mounted transformer," and "Site Communications beyond the primary manhole" (R4, tab 2 at 4-6).

4. On 11 June 2013, GSC presented to the contracting officer a claim for $54,671.20 and a 45-day extension of time for what GSC contended was a differing site condition (without specifying whether the condition was a type I or type II differing site condition); that is, groundwater that GSC contended it encountered at the worksite. In that claim, GSC explicitly requested a contracting officer's final decision. (App. reply, ex. 1)

5. By letter dated 18 June 2013, GSC revised its utility work claim to add a request for a contract modification for "a (112) day time extension with extended overhead in the amount of $162,309.28," asserting delays to work on "the site power and site communications" (R4, tab 3 at 1-2). Appellant certified the claim on 24 June 2013 (*id.* at 26).

6. In a 22 August 2013 final decision, the contracting officer granted GSC's utility work claim in part, and denied the claim in part (R4, tab 1 at 13).

7. On 30 August 2013, GSC received the contracting officer's final decision upon its utility work claim (notice of appeal dated 26 November 2013).

8. On 9 October 2013, the contracting officer issued a final decision denying the differing site condition claim. GSC received that decision on or about 20 October 2013. (Bd. corr. file, gov't ltr. dtd. 9 December 2014)

9. On 26 November 2013, GSC timely filed this appeal from the denial of its utility work claim.

10. On 5 February 2014, GSC presented to the contracting officer a letter regarding a dispute between GSC and the government concerning GSC's design of a "truck turnaround area" at a loading dock at the project site. GCS contended that it had met its contract requirements regarding "truck maneuvering at the loading dock," and that the Army's direction that a 53-foot trailer be able to make a single-point turn at the loading dock was a "new requirement...in addition to the Contract requirements." GSC explained that having "previously submitted (3) solutions," "[a]ttached is a fourth solution to allow 53 foot tractor trailers to turn around at the loading dock with a single point turn." GSC stated that it "fe[lt] this is work outside the scope of contract and is requesting a change order to complete this." This "turnaround" letter did not include any express request for a contracting officer's final decision. (App. reply, ex. 2)

2

11. On 3 March 2014, GSC presented to the contracting officer a letter requesting that the government "release all [payment] withholdings" (app. reply, ex. 3). GSC stated that "the end user started moving into the building on October 9, 2013," and that "GSC feels this is the date of beneficial occupancy and no withholdings should have been made past this point" (*id.*). This "withholdings" letter does not include any explicit request for a contracting officer's final decision, contains no certification, and, although it references GSC having "perform[ed] over $400,000 of additional work on the project," does not specify the dollar amount of the "withholdings" that GSC wanted released (*id.*). However, GSC's motion asserts that the amount of withheld payments is $373,166.96 (app. mot. at 5).

12. The record does not contain any responses by the contracting officer to GSC's "turnaround" or "withholdings" letters.

13. Neither the 14 March 2013 utility work claim nor the 18 June 2013 revision to that claim asserts that the government ordered GSC to perform extra-contractual "turnaround" work at a loading dock, or that the government improperly withheld payments beyond the date of beneficial occupancy (R4, tabs 2, 3).

14. On 10 October 2014, GSC filed a second motion to amend its complaint to add to this appeal three claims: (1) the differing site condition "groundwater" claim that it presented to the contracting officer on 11 June 2013; (2) a "turnaround" claim related to its 5 February 2014 letter to the contracting officer; and (3) a "withholdings" claim related to its 3 March 2014 letter to the contracting officer (app. mot. at 4-5).

15. On 16 December 2014, GSC withdrew from its motion the request to amend the complaint to add the groundwater differing site condition claim.

## DECISION

The Board may permit a party to amend its pleading upon conditions fair to both parties. Board Rule 6(d) (revised 21 July 2014). However, the Board will deny a request to amend a complaint to add to the appeal what is tantamount to a new claim; that is, a claim that is based upon operative facts not already presented in the claim that is the subject of the appeal. *See Lockheed Martin Aircraft Center*, ASBCA No. 55164, 07-1 BCA ¶ 33,472, at 165,933-34. That is because the Board does not possess jurisdiction, within a given appeal, to entertain a claim that is new to the appeal. *See Lasmer Industries, Inc.*, ASBCA Nos. 56946, 56966, 11-1 BCA ¶ 34,671 at 170,801; *Shams Engineering & Contracting Co. & Ramli Co.*, ASBCA Nos. 50618, 50619, 98-2 BCA ¶ 30,019, at 148,524-25.

Here, GSC wants to add to its complaint claims that are based upon operative facts that were not presented to the contracting officer in the claim the denial of which is the subject of this appeal. The "turnaround" claim is based upon assertions that the

3

government required GSC to perform additional work so that a 53-foot trailer could make a single-point turn in a loading dock area; the withholding claim is based upon the assertion that the government should not have withheld payments past 9 October 2013, which GSC asserts was the date of beneficial occupancy (SOF ¶¶ 10-11). None of those operative facts was presented to the contracting officer in the utility work claim that GSC presented to the contracting officer on 14 March 2013 and revised by letter dated 18 June 2013 (SOF ¶¶ 3, 5). Consequently, neither of those claims can be added to this appeal through amendment of the complaint.

Nor will we docket new appeals for those claims. The Board may docket a separate appeal for a new claim where an appellant files a motion to amend (instead of a separate notice of appeal) within 90 days of the receipt of the contracting officer's final decision upon that claim; however, that presumes that the new claim is a proper claim within the meaning of the Contract Disputes Act (CDA), 41 U.S.C. § 7101-7109. *See Shams Engineering*, 98-2 BCA ¶ 30,019, at 148,525. Here, neither the "turnaround" claim nor the "withholdings" claim is a proper CDA claim; therefore, we do not possess jurisdiction to entertain either claim, either by way of amendment of the complaint or notice of separate appeals. Our jurisdiction to entertain a contractor claim depends on the prior submission of the claim to a contracting officer for decision and a final decision on, or deemed denial of, the claim. *Lael Al Sahab & Co.*, ASBCA No. 58346, 13 BCA ¶ 35,394, at 173,662 (citing 41 U.S.C. § 7103). A "claim" is "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." Federal Acquisition Regulation (FAR) 2.101. The CDA does not require a contractor claim to explicitly request a contracting officer's decision, so long as the contractor implicitly requests a decision. *Linc Government Services, LLC*, ASBCA No. 58561 *et al.*, 14-1 BCA ¶ 35,473 at 173,934.

Whether a contractor's communication constitutes a CDA claim is determined on a case-by-case basis, employing a common sense analysis. *Id.* A claim need not contain any particular language or conform to any specific format; in assessing whether a claim has been submitted, it is appropriate to look at the totality of the correspondence and the continuing discussions between the parties. *Lael Al Sahab*, 13 BCA ¶ 35,394 at 173,663. In addition, where a claim exceeds $100,000, it must be certified. *Id.* Finally, where a claim does not specify a sum certain, but the amount demanded can be determined by simple mathematical calculation, a contractor's submission constitutes a valid claim over which the Board has jurisdiction. *Mohammad Darwish Ghabban Est.*, ASBCA No. 51994, 00-2 BCA ¶ 31,114 at 153,671.

The "withholdings" claim is not a proper CDA claim; it is a request for the payment of money not in a sum certain. Although GSC's "withholdings" letter asserts that GSC performed "over $400,000 of additional work," the letter does not specify

$400,000 – or any other amount – as the amount of withheld payments that GSC wanted the government to release (SOF ¶ 11). Even if the letter's request for "all withholdings" is a claim for the $373,166.96 in withheld payments referenced in the motion to amend (*id.*), the Board does not possess jurisdiction to entertain such a claim because GSC did not provide the required certification. *See Paradyne Corp.*, ASBCA Nos. 29300, 29728, 84-3 BCA ¶ 17,600 at 87,683-85.

On this certification point, GSC's reliance on *Blue Cross Association & Blue Shield Association*, ASBCA No. 25778, 89-2 BCA ¶ 21,840 (app. reply at 3), is misplaced. There the Board explained that:

> [*W*]*here the contracting officer issues a final decision* making a cost disallowance or reducing or demanding a reduction of the contract price, it is often (but not always) a Government claim, and in that event no contractor certification is required....
>
> On the other hand, *a contractor can submit a formal "claim"* for the costs disallowed or amounts withheld *(provided he is willing to certify the claim if the amount is over $50,000....*

*Id.* at 109,909 n.41 (emphasis added). Here, GSC wants to appeal from what it contends is a deemed-denied claim for release of payment withholdings, not from a contracting officer's final decision assessing withholdings, and contends that, in such a case, no certification is required (app. reply at 2-3). However, because GSC relies upon its own affirmative request for withheld contract payments (that is, the 3 March 2014 "withholdings" letter (SOF ¶ 11)), it was required to certify that request if the amount exceeded $100,000. *See Paradyne Corp.*, 84-3 BCA ¶ 17,600 at 87,683-85.

The "turnaround" claim is, also, not a proper CDA claim. The "turnaround" letter does not request a contracting officer's final decision, either explicitly or implicitly. Rather, the turnaround letter is an offer to perform certain work – GSC's proposed "fourth solution" – to satisfy the government's presumed dissatisfaction with GSC's design of the loading dock truck turnaround area (SOF ¶ 10). The turnaround letter represents, therefore, GSC's latest negotiation position on the turnaround issue, without also explicitly or implicitly requesting that the contracting officer issue a final decision upon what the contract required with respect to the loading dock. *Cf. Oni Construction, Inc.*, ASBCA No. 45394, 93-3 BCA ¶ 26,063 at 129,556 (holding that time extension request that proposed settlement terms but did not explicitly or impliedly request a contracting officer's final decision was not a claim). This is in stark contrast to GSC's 14 March 2013 and 11 June 2013 correspondence to the contracting officer, in which GSC, less than a year earlier and concerning the same contract, twice explicitly requested contracting officer's final decisions upon its

5

contentions, respectively, that it had performed extra-contractual work, and had encountered a "groundwater" differing site condition (SOF ¶¶ 3, 4).

## CONCLUSION

Because the two claims that are the subject of GSC's motion to amend the complaint are new to this appeal, the motion to amend is denied. Because GSC did not present those claims to the contracting officer as proper CDA claims, the Board does not possess jurisdiction to entertain them.

Dated: 4 February 2015

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59046, Appeal of GSC Construction, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

6